IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

THE SCHOOL OF THE OZARKS,
d/b/a College of the Ozarks; and
SHRINERS HOSPITALS FOR CHILDREN,
f/k/a Shriners Hospitals for Crippled Children                                           PLAINTIFFS

v.                                    Case No. 3:12-cv-03013-PKH

TED SANDERS; CLINTON C. CZESCHZIN;
JERRY DON CUNNINGHAM; and
GAIL BETTENHAUSEN, AS TRUSTEES OF THE
HUBERT AND ALICE CORKE EDUCATIONAL TRUST                                  DEFENDANTS

## CONSENT ORDER

Now on this 19th day of November, 2012, comes on for consideration the above captioned case and from the pleadings on file herein and the agreement of the parties hereto, the Court finds and orders as follows:

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00. Plaintiffs are residents of Missouri, Colorado, and Florida, the Trustees are all residents of Arkansas, and the trust balance exceeds $1.7 million.

2.      Venue is proper pursuant to 28 U.S.C. § 1392. The Trustees all reside in this district and a substantial part of the events giving rise to the claim occurred in this district.

3.      On or about November 23, 1981, Alice H. Corke (the "Settlor") executed the First Amended Alice H. Corke Trust, n/k/a the Hubert and Alice Corke Educational Trust (the "Trust"). A true and correct copy of the Trust is attached to the Verified Complaint as Exhibit A.

4.      At all times relevant hereto, the Trustees were the trustees of the Trust.

5.      Pursuant to its terms, the Trust was to terminate twenty-one (21) years after the death

of the settlor.

6. The death of the Settlor occurred on July 27, 1990.

7. Accordingly, the Trust was to terminate on July 27, 2011.

8. The Trust expressly provides that:

"... If, for any reason, there is any money left in the trust on the last day of the 21st year, it shall be divided equally between the Shriner's Hospitals for Crippled Children, Phillips University, Enid, Oklahoma; and the School of the Ozarks at Lookout Point, Missouri." Exhibit A to the Verified Complaint, paragraph 10(d).

9. There was money left in the Trust on the last day of the 21st year after the settlor's death.

10. From and after July 27, 2011, the Trustees have had and have a duty to Plaintiffs to distribute one-third (1/3) of the money left in the Trust to College of the Ozarks and one-third (1/3) of the money left in the Trust to Shriners Hospitals.

11. To date the Trustees have not distributed the money left in the Trust, or any part thereof, to College of the Ozarks, Shriners Hospitals, or Phillips University.

12. On or about January 25, 2012, Plaintiffs filed their three Count Verified Complaint in this matter claiming – Count I, Breach of Fiduciary Duty; Count II, Breach of Trust; and Count III, Accounting – and requesting, among other things, that this Court compel the Trustees to distribute of the money left in the Trust.

13. As of August 22, 2012, there was no less than $1,792,101.44 in the Trust, including $1,769,190.00 in a Wells Fargo account and $22,911.44 in a First Nation Bank and Trust account.

14. Termination of the Trust and distribution of the funds left in the Trust in equal shares to the Shriners Hospitals, Phillips University, and Colleges of the Ozarks, is consistent with the settlor's charitable intent.

15. Plaintiffs are entitled to judgment in their favor as to Count II of the Verified Complaint and the Trustees should be compelled to distribute the Trust assets.

**IT IS THEREFORE ORDERED** that the Trustees shall distribute to Shriners Hospitals, $597,367.13, plus an equal one-third (1/3) share of all interest and/or any other amount remaining in the trust;

**IT IS FURTHER ORDERED** that the Trustees shall distribute to College of the Ozarks, $597,367.13, plus an equal one-third (1/3) share of all interest and/or any other amount remaining in the trust;

**IT IS FURTHER ORDERED** that the Trustees shall distribute to Phillips University, $597,367.13, plus an equal one-third (1/3) share of all interest and/or any other amount remaining in the trust;

**IT IS FURTHER ORDERED** that the above described equal shares shall include all amounts remaining in the Trust. All remaining assets in the Trust shall be distributed as an equal distribution to the above-referenced entities by check issued from the Trust to said named beneficiaries within five (5) business days from the date of this Order. Upon this distribution, the Trust shall terminate and the Trustees shall be released from any further responsibility in the above-styled matter.

**IT IS SO ORDERED.**

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE